**MICHAEL O. LLOYD,**

    **Plaintiff,**

**v.**                              **Case No. 5:25-cv-304-AW-MJF**

**MCCLOUD, et al.,**

    **Defendants.**

_____/

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

Having carefully considered the matter, I now adopt the report and recommendation (ECF No. 19) and incorporate it into this order. Plaintiff's claims are official-capacity claims against state officials, meaning they are essentially claims against the state. These claims are for retrospective relief only, so they are barred by the Eleventh Amendment, and dismissal is thus appropriate. *See* 28 U.S.C. §§ 1915(e)(2)(iii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief.").

In his objections, which I have considered de novo, Lloyd says he was confused about the individual- versus official-capacity claims. ECF No. 24. But the magistrate judge explained it clearly in an earlier order and provided Lloyd an opportunity to amend. *See* ECF No. 12 at 3 ("Thus, Plaintiff is barred from seeking damages from the Defendants in their official capacities. . . . **If Plaintiff elects to**

1

**file a second amended complaint, he should not assert a section 1983 official-capacity claim for damages against an employee or officer of the State of Florida.**" (bold in original)). Plaintiff nonetheless elected to pursue solely official-capacity claims. Under these circumstances, and recognizing the multiple opportunities to replead, dismissal is appropriate.

The clerk will enter a judgment that says, "This case is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(iii)." The clerk will then close the file.[1]

SO ORDERED on April 20, 2026.

s/ *Allen Winsor*
Chief United States District Judge

---

[1] Lloyd styled his objections to the report and recommendation as a "notice of appeal." ECF No. 24. A report and recommendation is a nonfinal order not subject to appeal to the Eleventh Circuit. Today's order is a final order. If Lloyd wishes to appeal, he must file a notice of appeal directed at this order.